UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: Michael B. White and
Darla Kay White,

        Debtors,

MICHAEL B. WHITE, and
DARLA KAY WHITE,

        Appellants,         Case No. 17-13810
v.         Honorable Thomas L. Ludington

COLLENE K. CORCORAN, United States Trustee,         Bankruptcy Case No. 13-21977-dob
Frankenmuth Credit Union

        Appellees.

_____/

## ORDER AFFIRMING BANKRUPTCY COURT

On November 27, 2017, Debtor Michael B. White (Debtor) initiated this appeal of the Bankruptcy Court's orders denying his motion to set aside dismissal of the state court action, and denying his motion for reconsideration of that order (Bkr. Dkt. 729, 763). Debtor filed his brief on March 8, 2018. ECF No. 6. Appellees Colleen K. Corcoran, Chapter 7 trustee, and Frankenmuth Credit Union (FCU) filed their briefs on March 27, 2018. ECF Nos. 8, 9. Debtor replied on April 11, 2018. ECF No. 13.

**I.**

A full factual summary of the Bankruptcy proceedings was set forth in the Court's November 29, 2016, order denying Debtor's motion to strike and granting in part Attorney Budzynski's motion to dismiss. ECF No. 14 (16-cv-11188) (the facts below relate only to the current appeal).

Following the mortgage foreclosure of his residence at 11085 Block Rd, Birch Run, Michigan, Debtor appealed the decision of the Saginaw County Circuit Court. The appeal was pending before the Michigan Court of Appeals when the instant bankruptcy action was filed. The Trustee sold the real estate, and reached a settlement agreement with FCU, who agreed to accept less than what was owed from the sale in exchange for the Trustee dismissing the state court action, which was dismissed with prejudice. The Bankruptcy Court entered an order abandoning certain property back to the debtor, including the state court cause of action against FCU. Debtor moved for the Bankruptcy Court to set aside the order of dismissal entered by the Michigan Court of Appeals. The Bankruptcy Court denied the motion because: 1) "the Court does not have the authority to set aside the dismissal of the State Court Action under the *Rooker-Feldman* doctrine"[1] and no exception to the doctrine was applicable; and 2) that abandonment of the state court cause of action to Debtor was meaningless because the state court action had been dismissed. Bkr. Dkt. 727 at 5-6. The Bankruptcy Court denied Debtor's motion for reconsideration on the same grounds, finding that he had identified no palpable error. Bkr. Dkt. 763.

**II.**

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). *In re Gourlay*, 496 B.R. 857, 859 (E.D. Mich. 2013). "Th[is] Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *Id.* (citing *AMC Mortg. Co. v. Tenn. Dep't of Revenue,* 213 F.3d 917, 920 (6th Cir.2000)).

Only the Bankruptcy Court's conclusions of law are at issue. First, the Bankruptcy Court correctly concluded that the Rooker-Feldman doctrine precluded the Bankruptcy Court from setting aside the dismissal of the State Court action. Pursuant to the Supreme Court's

Rooker/Feldman abstention doctrine "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). "[T]he Rooker-Feldman doctrine applies even where a state court judgment may be in error." *Audre, Inc. v. Casey (In re Audre, Inc.)*, 216 B.R. 19, 29 (B.A.P. 9th Cir. 1997). There are other exceptions to application of the doctrine. The Sixth Circuit Court of Appeals recognizes an exception when the state court judgment was "procured through fraud, deception, accident, or mistake . . . ." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir.1986) (quotation marks and citation omitted). There is no evidence that the state court judgment was procured through fraud, deception, accident or mistake.

The Bankruptcy Court also correctly concluded that the abandonment order did not revive the state court claim. The state court claim was not an asset of the debtor. "All legal or equitable interests of the debtor in property as of the commencement of the case: are considered property of the bankruptcy estate." 11 U.S.C. §541(a)(1). The Trustee therefore had the authority to settle the claim with FCU and stipulate to dismissal of the action with prejudice, which the Trustee did. The fact that the Bankruptcy Court's order abandoning certain property to the Debtor (Bkr. Dkt. 567) mentioned "cause of action against Frankenmuth Credit Union" did not revive the claim, which had already been dismissed with prejudice.

Accordingly, it is **ORDERED** that the Bankruptcy Court Orders, (Bkr. Dkt. 729, 763) are **AFFIRMED.**

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: May 31, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2018.

                             s/Kelly Winslow
                             KELLY WINSLOW, Case Manager